UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20615-CIV-MORENO/O'SULLIVAN

YENISEY PEREZ, et al,

    Plaintiffs,

v.

ANASTASIA M. GARCIA, P.A., et al,

    Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion in Limine (DE# 56, 7/14/15) and the Defendant's Motion in Limine (DE# 59, 7/21/15). On August 4, 2015, the undersigned heard oral argument on the instant motions.

## BACKGROUND

On February 23, 2015, Yenisey Perez and Cintia Cini (collectively, "plaintiffs") filed their First Amended Complaint against Anastasia M. Garcia P.A. and Anastasia M. Garcia (collectively "defendants"). See First Amended Complaint under 29 U.S.C. 201-216 Overtime Wage Violations and Retaliation under 29 U.S.C. 215(A)(3) (DE# 9, 2/23/15) (hereinafter "First Amended Complaint"). The First Amendment Complaint alleged two causes of action against the defendants: federal overtime wage violation (Count I) and retaliation (Count II).[1] The instant motions in limine pertain to the plaintiffs' federal overtime wage violation claim (Count I).

---

[1] On April 20, 2015, the Court entered an Order bifurcating the plaintiffs' overtime claims from their retaliation claims. See Order (DE# 26, 4/20/15).

**ANALYSIS**

The Court has broad discretion to determine the admissibility of evidence. <u>United States v. McLean</u>, 138 F.3d 1398, 1403 (11th Cir. 1998). "The real purpose of a motion <u>in limine</u> is to give the trial judge notice of the movant's position so as to avoid the introduction of damaging evidence which may irretrievably affect fairness of the trial. A court has the power to exclude evidence <u>in limine</u> only when evidence is clearly inadmissible on all potential grounds." <u>Stewart v. Hooters of Am., Inc.</u>, No. 8:04-CV-40-T-17-MAP, 2007 WL 1752843, *1 (M.D. Fla. 2007) (citing <u>Luce v. United States</u>, 469 U.S. 38, 41 (1984)). The Court will address the parties' motions below.

**I.      Plaintiffs' Motion <u>in Limine</u> (DE# 56, 7/14/15)**

The plaintiffs seek to exclude the following evidence at trial:

a) Reference to attorneys' fees and costs;

b) Reference to liquidated damages; . . .

c) Reference to other civil or criminal allegations and/or matters currently pending against Plaintiff CINI that have not been adjudicated;

d) Any reference to Plaintiffs' payment or non-payment of federal income taxes and reporting of cash payments on said taxes;

e) Undersigned Firm's representation of Plaintiffs;

f) Reference to Plaintiffs or their respective spouses, or significant other, or children ever applying or receiving any government assistance of any kind, including, but not limited to, food stamps, welfare and/or medical benefits[;].

g) Reference to medical, mental, disability, and/or legal issues pertaining to Plaintiffs' family and extended family members;

h) Reference to attorney-client privileged information and/or reference to Plaintiff PEREZ's Paternity and Child Support Proceedings; and

i) Reference to the doctrine of judicial estoppel.

Plaintiffs' Motion in Limine (DE# 56 at 1-2, 7/14/15) (footnote omitted).

### a) Reference to Attorneys' Fees and Costs

In their motion, the plaintiffs acknowledge that "Defendants have agreed to stipulate that there will be no reference to attorney['s] fees and costs at Trial." Plaintiffs' Motion in Limine (DE# 56 at 2, 7/14/15). Because the parties have an agreement, the Court does not need to rule on this issue.

### b) Reference to Liquidated Damages

The Court also does not need to rule on the admissibility of liquidated damages because, as the plaintiffs acknowledge in their motion, "Defendants have agreed to stipulate that there will be no reference to liquidated damages at Trial." Plaintiffs' Motion in Limine (DE# 56 at 3, 7/14/15).

### c) Reference to Other Civil or Criminal Allegations and/or Matters Currently Pending Against Plaintiff Cini

The plaintiffs seek "to exclude any reference to other civil or criminal allegations and/or matters currently pending against Plaintiff CINI that have not been adjudicated." Plaintiffs' Motion in Limine (DE# 56 at 3, 7/14/15). The Court finds that any probative value is substantially outweighed by the danger of unfair prejudice. Ms. Cini has not been charged or convicted. She further testified that the matter concerns the theft of her identity and there is no evidence that she was tending to this issue during work hours.

3

### d) Reference to Plaintiffs' Payment or Non-payment of Federal Income Taxes and Reporting of Cash Payments on Said Taxes

The plaintiffs argue that "[a]ny reference to Plaintiffs' payment or non-payment of federal income taxes and reporting of cash payments on said taxes should be excluded under Rule 403 of the Federal Rules of Evidence as its probative value is substantially outweighed by the danger of unfair prejudice and confusion of the issues." Plaintiffs' Motion in Limine (DE# 56 at 6, 7/14/15). The defendants are permitted to question Ms. Perez concerning whether she reported any cash payments or bonuses on her tax returns. Federal Rule of Evidence 608(b) allows cross-examination on issues that are probative of truthfulness.

### e) Defendant Law Firm's Representation of Plaintiffs

The plaintiffs seek to exclude from trial "[a]ny reference to issues concerning the undersigned Firm's representation of Plaintiffs, how Plaintiffs obtained same, fee/retainer agreement, or otherwise." Plaintiffs' Motion in Limine (DE# 56 at 9, 7/14/15). In their response, the defendants state: "Defendants do not oppose Plaintiffs' Motion in Liminie [sic] to exclude the firm's representation of the Plaintiffs. However, should Plaintiffs open the door on any related issues, Defendants should be allowed to explore the issue on cross-examination." Defendants' Response in Opposition to Plaintiffs' Motion in Limine (DE# 64 at 4, 7/31/15) (footnote omitted). Because the parties have reached an agreement on this matter, the Court does not need to issue a ruling.

### f) Reference to Plaintiffs of Family Members' Application or Receipt of Government Assistance

The plaintiffs seek to exclude "[a]ny reference to Plaintiffs' or their respective spouses, or significant other, or children, ever applying or receiving any government assistance of any kind, including, but not limited to, food stamps, welfare and/or medical benefits." Plaintiffs' Motion in Limine (DE# 56 at 9, 7/14/15). The defendants are permitted to question the plaintiffs concerning whether they spent any time during work hours seeking to obtain benefits for themselves or family members. The defendants are not permitted to go into specifics concerning any mental health or medical issues.

### g) Reference to Medical, Mental, Disability, and/or Legal Issues Pertaining to Plaintiffs' Family and Extended Family Members

The plaintiffs seek to exclude "[a]ny reference to medical, mental, disability, and/or legal issues pertaining to Plaintiffs' family and extended family (i.e. mother, spouse/significant other, siblings, etc.)." Plaintiffs' Motion in Limine (DE# 56 at 9, 7/14/15). The defendants are not permitted to go into specifics concerning any mental health or medical issues, but may question plaintiffs concerning whether they spent any time during work hours on these issues.

### h) Reference to Attorney-Client Privileged Information and/or Reference to Plaintiff Perez's Paternity and Child Support Proceedings

The plaintiffs argue that "[a]ny reference to attorney-client privileged information and/or reference to Plaintiff PEREZ's Paternity Lawsuit and Child Support Proceedings should be excluded under the Florida Rules or Professional Conduct Rule 4-6.1."

5

Plaintiffs' Motion in Limine (DE# 56 at 11, 7/14/15). Ms. Perez waived her attorney-client privilege by filing an affidavit attesting to her conversations with attorney Frank Pumarejo-Martin. The defendants are permitted to question Ms. Perez concerning the financial affidavit she filed in the paternity proceedings. This evidence is relevant to Ms. Perez' state of mind as to whether or not she was working for a salary or expecting overtime.

### i) Reference to the Doctrine of Judicial Estoppel

According to the plaintiffs "[a]ny reference to the doctrine of judicial estoppels should be excluded as Plaintiff PEREZ has not asserted a breach of contract claim against Defendants." Plaintiffs' Motion in Limine (DE# 56 at 14, 7/14/15). The defendants shall not make any judicial estoppel arguments to the jury. They are permitted to raise the issue of judicial estoppel to the Court if facts are established at trial.

Based on the foregoing, the plaintiffs' motion in limine is **GRANTED in part and DENIED n part**.

## II. Defendant's Motion in Limine (DE# 59, 7/21/15)

The defendants seek to exclude evidence that "Ms. Garcia had a bad temper, used foul language at work, and had a mean disposition towards employees (character evidence)." Defendant's Motion in Limine (DE# 59 at 1, 7/21/15). The Court finds that the probative value of this evidence outweighs the danger of unfair prejudice. This evidence is relevant to the claim of exemption because the jury would need an understanding of how the office was run, it may be used to impeach Ms. Garcia's

testimony and also relates to the reasons why the plaintiffs might not have complained about not being properly compensated or why Ms. Cini did not report all of her hours. For these reasons, the defendants' motion in limine is **DENIED**.

## CONCLUSION

In accordance with the foregoing, it is

ORDERED AND ADJUDGED that the Plaintiffs' Motion in Limine (DE# 56, 7/14/15) is **GRANTED in part and DENIED in part**. It is further

ORDERED AND ADJUDGED that the Defendant's Motion in Limine (DE# 59, 7/21/15) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **4th** day of August, 2015.

                                                    JOHN J. O'SULLIVAN
                                                    UNITED STATES MAGISTRATE JUDGE

Copies to:
United States District Judge Moreno
All counsel of record