UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20615-CIV-O'SULLIVAN
[CONSENT CASE]

YENISEY PEREZ, CINTIA CINI, and all)
others similarly situated under 29 U.S.C.)
216(b),                                  )
                                         )
                  Plaintiffs,            )
         vs.                             )
                                         )
ANASTASIA   M.   GARCIA,   P.A.,)
ANASTASIA M. GARCIA,                     )
                                         )
                  Defendants.            )
_____ )

## JOINT PROPOSED JURY INSTRUCTIONS AND VERDICT FORM(S)

Plaintiffs and Defendants, by and through their respective undersigned counsel, pursuant

to Local Rule 16.1 of the Southern District of Florida and Federal Rule of Civil Procedure 51,

hereby submit their Proposed Jury Instructions and Verdict Form. Instructions proposed only by

Plaintiffs to which Defendants object are *italicized*, and instructions proposed only by

Defendants to which Plaintiffs object are **bold-faced**.

J. H. ZIDELL, P.A.                      THE LAW OFFICES OF EDDY O. MARBAN
ATTORNEYS FOR PLAINTIFFS                ATTORNEY FOR DEFENDANTS
300-71ST STREET, SUITE 605             1600 PONCE DE LEON BLVD, SUITE 902
MIAMI BEACH, FLORIDA 33141             CORAL GABLES, FLORIDA 33134


By: /s/ *Rivkah Jaff*                   By: *s/Eddy O. Marban*
Rivkah Jaff, Esquire                    Eddy O. Marban, Esquire
Florida Bar No.: 107511                 Fla Bar No.: 435960
PH: 305-865-6766                        PH:   305-448-9292
FAX: 305-865-7167                       FAX: 305-448-9477
Rivkah.Jaff@gmail.com                   MarbanLaw@gmail.com

## TO BE GIVEN AT THE BEGINNING OF THE CASE
### General Preliminary Instruction

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply - and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it

rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" - simply a chain of circumstances that likely proves a fact.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

What is not evidence:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did - unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if [he/she] thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the

witness cannot answer the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence - this is also called "striking" evidence - and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

• the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

• the witness's memory;

• the witness's manner while testifying;

• any interest the witness has in the outcome of the case;

• any bias or prejudice the witness may have;

• any other evidence that contradicts the witness's testimony;

• the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

<u>Description of the case:</u>

*This case arises under the Fair Labor Standards Act (sometimes referred to as the "FLSA"), the federal law that, among other things, provides for the payment of overtime wages. Defendant Anastasia M. Garcia is an attorney and the sole owner of Defendant Anastasia M. Garcia, P.A. Defendants' practice consists primarily of family law and family mediation. It also includes some court-appointed guardianship work. The Plaintiffs worked as secretaries for Defendants. During the relevant time period, Plaintiffs claim that the Defendants did not pay them their overtime wages required by law. Defendants did not have a time recording system in place during Plaintiffs' employment at the firm.*

*Defendants dispute Plaintiffs' claims. In this case, the Defendants are not asserting any exemptions against Plaintiff CINI. The Defendants admit that Plaintiff CINI worked at least some overtime hours for which she was not paid time-and-a-half as reflected in her payroll and time records. However, Plaintiff CINI is also seeking to recover hours that are not reflected in the time records. The Defendants claim Plaintiff PEREZ was an administrative employee, exempt from the overtime pay requirements of the FLSA.*[1]

---

[1] Plaintiffs' position is that the Order Adopting Magistrate's Report and Recommendation [DE81] disposed of all exemptions and Plaintiffs do not agree in any way that Defendants should be permitted to present arguments regarding whether Plaintiff PEREZ was an administrative exempt employee. However, Plaintiffs submit the Jury instructions contained herein regarding alleged exemptions in an abundance of caution.

Defendants object to Plaintiffs' proposed description of the case. There should be no description of the type of law practice for Defendants from the Court.

**Defendants' Proposed Description of case**

This case arises under the Fair Labor Standards Act (sometimes referred to as the "FLSA"), the federal law that required payment of overtime pay for employees that qualify for overtime under the FLSA. Defendant Anastasia M. Garcia is an attorney and the sole owner of Defendant Corporation, a law firm. Defendant Anastasia M. Garcia is an attorney and the sole owner of Defendant Anastasia M. Garcia, P.A. Defendants' practice consists primarily of family law and family mediation; it also includes some court-appointed guardianship work. Defendants maintain the PEREZ worked as a secretary and salaried manager who is not entitled to overtime pay under the FLSA because part of her duties while she worked for Defendants were to manage some parts of the Defendants' office. CINI worked as an hourly paid assistant at the office. CINI claims that she should be paid for overtime hours that she failed to report to Plaintiff PEREZ in order for Defendants to pay her. Defendants claim that they did not know that CINI worked hours that she failed to report and that they are therefore not obligated to pay for hours not reported by CINI.

Plaintiffs' claim that Defendants owe them both overtime pay.

Burden of proof:

Plaintiffs have the burden of proving his case by what the law calls a "preponderance of the evidence." That means Plaintiffs must prove that, in light of all the evidence, what he claims is more likely true than not. So, if you could put the evidence favoring Plaintiffs and the evidence favoring Defendants on opposite sides of balancing scales, Plaintiffs need to make the scales tip to him. If Plaintiffs fail to meet this burden, you must find in favor of Defendants.

To decide whether any fact has been proved by a preponderance of the evidence, you may - unless I instruct you otherwise - consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

On certain issues, called "affirmative defenses," Defendants have the burden of proving the elements of a defense by a preponderance of the evidence. I'll instruct you on the facts Defendants must prove for any affirmative defense. After considering all the evidence, if you decide that Defendants have successfully proven that the required facts are more likely true than not, the affirmative defense is proved.

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything - all the evidence, the lawyers' closing arguments, and my instructions on the law - before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means. This includes e-mails, text messages, and the Internet, including social-networking websites such as Facebook, MySpace, and Twitter.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair - no one else is so qualified.

<u>Taking notes:</u>

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, Plaintiffs will present their witnesses and ask them questions. After Plaintiffs question their witnesses, Defendants, may ask the witness questions - this is called "cross-examining" the witness. Then Defendants will present ~~[his]~~ their witnesses, and Plaintiffs may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

<u>Official English Translation/Interpretation:</u>

You may hear or see languages other than English during this trial. You must consider evidence provided through only the official court [interpreters/translators]. It is important that all jurors consider the same evidence. So even if some of you know Spanish you must accept the English [interpretation/translation] provided and disregard any different meaning.


AUTHORITIES: Pattern Jury Instructions for the Eleventh Circuit § 1.1 (2014 ed.); see id. Preliminary Instructions before Trial.

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

**<u>TO BE GIVEN AT THE END OF THE CASE</u>**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case. When I have finished, you will go to the jury room and begin your discussions, sometimes called deliberations. When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct you deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain Verdict]

Take the verdict form with you to the jury room. When you have all agreed on the verdict, your foreperson must fill in the form, sign it, and date it. Then you will return it to the courtroom. If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I will respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not shared with anyone, including me, in your note of question.

AUTHORITY:     Pattern Jury Instructions, Civil Cases, U.S. Eleventh Circuit; Instruction
               No. 1.1 and 3.1 (2014).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

## PROPOSED INSTRUCTION NO. 1

### THE DUTY TO FOLLOW INSTRUCTIONS
### CORPORATE/LLC PARTY INVOLVED

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation (in this case a P.A. entity) is involved as a party must not affect your decision in any way. A corporation/P.A. and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation/P.A. is involved, of course, it may act only through people as its employees; and, in general, a corporation/P.A. is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013 (modified).


GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 2

### IMPEACHMENT OF WITNESSES
### (Inconsistent Statement)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.5.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

<u>**PROPOSED JURY INSTRUCTION NO. 3**</u>

**Responsibility for Proof – Plaintiffs' Claim[s], Cross Claims, Counterclaims - Preponderance of the Evidence**

In this case it is the responsibility of the Plaintiffs to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs claim are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.


11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.7.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION NO. 4

### FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

*This case arises under the Fair Labor Standards Act, the federal law that provides for the half-time overtime pay. In this case, Plaintiff PEREZ claims that she was paid a weekly salary and that this amount was intended only to cover 40 hours of work per week. Plaintiff PEREZ claims that the Defendants did not pay her the time-and-one-half overtime wage pay required by the Fair Labor Standards Act, also known as the FLSA, for any hours over 40 per week. Therefore, Plaintiff PEREZ seeks damages for time-and-one-half her normal hourly wage for each hour worked over 40 per week. Plaintiff CINI claims that she was paid at a straight-time rate for all hours worked and recorded and the Defendants did not pay her the one-half-time overtime wage pay required by the FLSA for any hours recorded over 40 per week. Plaintiff CINI also claims that Defendants failed to pay her the time-and-one-half overtime wage pay required by the FLSA for any hours not recorded over 40 per week. Therefore, Plaintiff CINI seeks damages for one-half her normal hourly wage for each hour worked over 40 per week that was recorded and Plaintiff CINI seeks damages for time-and-one-half her normal hourly wage for each hour worked over 40 per week that was not recorded and completely unpaid.*

*To succeed on their claims against the Defendants, the Plaintiffs must prove each of the following facts by a preponderance of the evidence:*

*First:*  *That the Plaintiffs were employed by the Defendants during the time period involved;*

*Second:*  *That the Plaintiffs were employees engaged in commerce or employed by an enterprise engaged in commerce and Defendants' gross over $500,000 annually for the relevant time period; and*

<u>Third</u>:          That the Defendants failed to pay the Plaintiffs the overtime
                pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about the relevant factual issues.

For the first element, the Parties agree that Plaintiffs were each an employee of both the Individual and Corporate Defendants. Therefore, you should consider the first element to already be established. Also, for the second element, the Parties agree that the Plaintiffs were employees engaged in commerce or employed by an enterprise engaged in commerce and Defendants' grossed over $500,000 annually for the relevant time period. Therefore, you should consider the second element to also already be established.

However, the Parties dispute the third element as the Defendants claim they did not fail to pay the Plaintiffs the overtime pay required by law that they seek.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. Unless a specific hourly rate was agreed upon, the "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours the weekly salary was intended to compensate. To calculate how much overtime pay was owed to the Plaintiffs for a certain week, subtract 40 from the total number of hours he worked and multiply the difference by the overtime rate. Defendants failed to pay the Plaintiffs the required overtime pay if the Defendants paid Plaintiffs less than that amount.

If you find that the Plaintiffs have proved their claims, then you must turn to the question of damages which the Plaintiffs are entitled to recover.

The measure of damages is the difference between what the Plaintiffs should have been paid under the Act and the amount that you find the Plaintiffs actually were paid.

In this case, the Defendants are not asserting any exemptions against Plaintiff CINI. The Defendants admit that Plaintiff CINI worked at least some overtime hours for which she was not paid time-and-a-half as reflected in her payroll and time records. However, Plaintiff CINI is also seeking to recover hours which she did not report to the Defendants.

The Defendants assert the following Affirmative Defense against Plaintiff PEREZ that Plaintiff PEREZ was an administrative employee, exempt from overtime pay requirements of the FLSA's overtime provisions.[2] Even if the Plaintiff PEREZ proves her claims by a preponderance of the evidence, the Defendants can prevail in this case if they prove the affirmative defense by a preponderance of the evidence.

I caution you that the Defendants do not have to disprove the Plaintiffs' claims, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

To establish that Plaintiff PEREZ is exempt under the administrative exemption, Defendants must prove each of the following facts by a preponderance of the evidence:

An employee is an exempt administrative employee if:

---

[2] Plaintiffs' position is that the Order Adopting Magistrate's Report and Recommendation [DE81] disposed of all exemptions and Plaintiffs do not agree in any way that Defendants should be permitted to present arguments regarding whether Plaintiff PEREZ was an administrative exempt employee. However, Plaintiffs submit the Jury instructions contained herein regarding alleged exemptions in an abundance of caution.

(1) *The employee is compensated on a salary or fee basis at a rate not less than $455 per week;*

(2) *The employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers;*

(3) *The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.*

*The Parties agree that, during the relevant time period, Plaintiff PEREZ was compensated on a salary basis at a rate not less than $455 per week. Therefore, you need only decide whether the Defendants have proven by a preponderance of the evidence the remaining two facts.*

*To qualify for exemption, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole. Factors to consider when determining the primary duty of an employee include, but are not limited to:*

*( 1) the relative importance of the exempt duties as compared with other types of duties;*

*(2) the amount of time spent performing exempt work;*

*(3) the employee's relative freedom from direct supervision; and*

*(4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.*

*The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.*

*Thus, for example, assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register. However, if such assistant managers are closely supervised and earn little more than the nonexempt employees, the assistant managers generally would not satisfy the primary duty requirement.*

*The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.*

*Work directly related to the management or general business operations includes, but is not limited to, work in functional areas such as:*

*(1) tax;*

*(2) finance;*
*(3) accounting;*

*(4) budgeting;*
*(5) auditing;*
*(6) insurance;*
*(7) quality control;*
*(8) purchasing;*
*(9) procurement;*
*(10) advertising;*
*(11) marketing;*
*(12) research;*
*(13) safety and health;*
*(14) personnel management;*
*(15) human resources;*
*(16) employee benefits;*
*(17) labor relations;*
*(18) public relations;*
*(19) government relations;*
*(20) computer network;*
*(21) internet and database administration;*
*(22) legal and regulatory compliance; and*
*(23) similar activities.*

It is not necessary that Plaintiffs perform work in all of the functional areas listed above in order to qualify as exempt. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to:

*(1) whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices;*
*(2) whether the employee carries out major assignments in conducting the operations of the business;*
*(3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;*
*(4) whether the employee has authority to commit the employer in matters that have significant financial impact;*
*(5) whether the employee has authority to waive or deviate from established policies and procedures without prior approval;*

(6) whether the employee has authority to negotiate and bind the company on significant matters;

(7) whether the employee provides consultation or expert advice to management;

(8) whether the employee is involved in planning long- or short-term business objectives;

(9) whether the employee investigates and resolves matters of significance on behalf of management; and

(10)    whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances. It is not necessary for the Plaintiff to exercise discretion and independent judgment in all of these areas listed above in order to qualify as exempt.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. For example, the policies formulated by the credit manager of a large corporation may be subject to review by higher company officials who may approve or disapprove these policies. The management consultant who has made a study of the operations of a business and who has drawn a proposed change in organization may have the plan reviewed or revised by superiors before it is submitted to the client.

A job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

*If you find by a preponderance of the evidence that Plaintiff PEREZ is an administrative employee, you will not decide the issue of Plaintiff PEREZ's damages. But, if you find that Plaintiff PEREZ is not an exempt employee, you must decide the issue of Plaintiff PEREZ's damages.*

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED); 29 C.F.R.§ 541.200.

GIVEN:
 GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**Defendants object as this proposed instruction is not the standard Eleventh Circuit Pattern Jury Instruction for overtime cases and Plaintiffs insert their own language into the instruction. The instruction is also prejudicial as Plaintiffs refer to both Defendants admitting to grossing over $500,000.00 per year. The Pattern Instruction does not reference the dollar amount as this is prejudicial to Defendants. On two occasions, the instruction states that the overtime rate is one and one half the regular rate, rather than using the standard language in the pattern instruction. There is an issue as to whether PEREZ should be paid time-and-a-half and this issue should not be decided by the Court in a jury instruction. The instruction improperly states that, "Defendants admit that Plaintiff CINI worked at least some overtime hours." The instructions is argumentative as to CINI in her favor stating that CINI is trying to recover for hours she did not report. This is a jury issue that should not be decided in a jury instruction. The proposed language on the administrative exemption contains misleading examples that do not pertain to PEREZ, such her responsibilities for financing, auditing, government relations and legal or regulatory compliance.**

## DEFENDANTS' PROPOSED INSTRUCTION NO. 5

## FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

In this case, YENISEY PEREZ and CINTIA CINI claim that ANASTASIA M. GARCIA, P.A., did not pay Plaintiffs the overtime pay required by the FLSA.

To succeed on their claims against ANASTASIA M. GARCIA, P.A. and ANASTASIA GARCIA they must prove each of the following facts by a preponderance of the evidence:

First: That the Plaintiffs were employed by the Defendants during the time period involved;

Second: That Plaintiffs were employed by an enterprise engaged in commerce[3]; and

Third: That the Defendants failed to pay the Plaintiffs the minimum wage and overtime pay required by law.

The parties have stipulated or agreed to the first and second facts in that Plaintiffs were employed by Defendants and that Defendant is an enterprise engaged in commerce and you should consider this facts established.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked in any one work week over 40 hours. Put another way, if an employee's works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This commonly known as time-and-a-half pay for overtime work.

---

[3] *Plaintiffs object as it does not set forth the FLSA monetary threshold prong in full.*

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours the parties agreed the salary intended to compensate. To calculate how much overtime pay was owed to PEREZ for a certain week, subtract 40 from the total number of hours she worked and multiply the difference by the overtime rate. ANASTACIA GARCIA P.A., and ANASTASIA GARCIA failed to pay PEREZ the required overtime pay if it paid less than that amount.[4]

PEREZ claims that her salary was intended to compensate her for only 40 hours of work. ANASTACIA GARCIA P.A., and ANASTASIA GARCIA claim that the salary was intended to compensate PEREZ for all hours worked, whether under 40 per week, 40 per week, or more than 40 hours per week. Where actions and circumstances demonstrate that the employee is aware of a particular condition of employment, the employee's acceptance of the salary, and continued employment, manifests acceptance of the condition.[5]

As to CINI, it is not disputed that her regular rate of pay was $12.00 per hour during the relevant time period.

Exemption PEREZ: In this case, ANASTASIA GARCIA P.A., claims that it is exempt, or otherwise not subject to the FLSA's overtime provisions because part of her duties were administrative or managerial in nature. To establish that it is not subject to the requirements of the FLSA, Defendants must prove each of the following facts by a preponderance of the evidence:

---

[4] *Plaintiffs object as this proposed instruction is not the standard Eleventh Circuit Pattern Jury Instruction for overtime cases and Defendants insert their own language into the instruction.*

[5] *Plaintiffs object as this is an incorrect statement of the applicable law.*

For the administrative exemption to apply, an employee must: (1) earn no less than $455.00 per week, (2) have primary duties that involve the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers, and (3) exercise discretion and independent judgment with respect to matters of significance in performing her primary duties.

There is no dispute that Defendants meet the first element in that PEREZ earned a salary of more than $455.00 per week.

To meet the second "primary duty" element, the employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

The main criteria in assessing an employee's primary duty is not the time spent completing certain tasks, but rather whether the primary duty to manage is the principal, main, major or most important duty that the employee performs and must be determined on a case by case basis with the weight of the consideration focusing on the character of the employee's job as a whole.

The third element of the administrative exemption test looks to whether the employee's primary duties involve the exercise of discretion and independent judgment with respect to matters of significance. As to this third element, you must determine whether the employee's job "involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered." The ultimate question is whether the employee has the ability to make an independent choice, free from immediate direction or supervision. Although there is no

requirement that the employee operates free from oversight, the employee's duties must involve more than the use of skill in applying well-established techniques, procedures or specific standards described in manuals or other sources.

An executive assistant or administrative assistant to a business generally meets the duties requirements for the administrative exemption if such employee, without specific instructions or prescribed procedures, is been delegated authority regarding matters of significance.

Another example are assistant managers in a retail establishment who perform exempt executive work such as supervising and directing the work of other employees, ordering merchandise, managing the budget and authorizing payment of bills may have management as their primary duty even if the assistant managers spend more than 50 percent of the time performing nonexempt work such as running the cash register.

If you find that ANASTASIA GARCIA P.A., is exempt from having to pay overtime wages to PEREZ, you will not decide the issue of PEREZ' damages. But if you find that ANASTASIA GARCIA P.A., is not exempt, you must decide the issue of PEREZ' damages.

<u>CINI</u>

To prove a violation of the FLSA, CINI must demonstrate that (1) she worked overtime without compensation, and (2) that Defendants knew or should have known of the overtime work. When an employee knows that she would be paid if she reported all her hours yet fails to report those hours, she is not entitled to recover overtime damages.

If you find that ANASTASIA GARCIA P.A., did not have knowledge of the overtime hours claimed by CINI, then you need not decide the issue of CINI's damages.

But if you find that ANASTASIA GARCIA P.A., had knowledge of the unreported hours, you must decide the issue of CINI'S damages.

If you find that each Plaintiff has proved each of their claims, and that Defendants have not proved their defenses, then you must turn to the question of damages which the Plaintiffs are entitled to recover. The measure of damages is the difference between what the Plaintiffs should have been paid under the Act and the amount that you find the Plaintiffs actually were paid. The Plaintiffs are entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed on, unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA, the Plaintiffs are entitled to recover lost wages from the present time back to no more than three years before this lawsuit was filed.

Inadequate Records: The law requires an employer to keep records of how many hours its employees work and the amount they are paid. In this case, PEREZ and CINI claim that ANASTASIA GARCIA P.A., failed to keep and maintain adequate records of her hours and pay. PEREZ and CINI also claim that ANASTASIA GARCIA P.A.'s failure to keep and maintain adequate records has made it difficult for PEREZ and CINI to prove the exact amount of their claims. If you find that ANASTASIA GARCIA P.A., failed to keep adequate time and pay records for PEREZ and CINI and that PEREZ and CINI performed work for which they should have been paid, PEREZ and CINI may recover a reasonable estimation of the amount of their damages. But to recover this amount, PEREZ

**and CINI must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.**

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 1.7.1, pages 173 – 176; 29 C.F.R. § 541.200(a)(1)–(3). *Rock v. Ray Anthony Intern., LLC,* 380 Fed. Appx. 875, 877 (11th Cir. 2010); 29 C.F.R. § 541.200(a)(2): *§ 541.202(e); Rock v. Ray Anthony Intern., LLC, 380 Fed. Appx. 875, 879 (11th Cir. 2010) (elements of administrative exemption); 29 CFR 541.203(d) (administrative assistant; 29 C.F.R. § 541.100(A); 29 C.F.R. § 541.700(a) (primary duty); Louis-Charles v. Sun-Sentinel Co., 595 F. Supp. 2d 1304, 1308 (S.D. Fla. 2008) (primary duty); Posely v. Eckerd Corp., 433 F. Supp. 2d 1287, 1314 (S.D. Fla. 2006) (acceptance salary without objection); The case of Zoltek v. Safelite Glass Corp., 884 F. Supp. 283, 286 (N.D. Ill. 1995) (*citing *Williams v. Jacksonville Terminal Co.*, 315 U.S. 386, 398, 86 L. Ed. 914, 62 S. Ct. 659 (1942) (acceptance terms of the salary)*. Allen v. Bd. of Pub. Educ., 495 F.3d 1306, 1314 (11th Cir. 2007)*(employee must prove it worked overtime and that employer knew of uncompensated work); *Maldonado v. Alta Healthcare Group, Inc.,* 17 F. Supp. 3d 1181, 119; *Forrester v. Roth's I.G.A. Foodliner, Inc.,* 646 F.2d 413, 414-5. (9th Cir. 1981) (when employee knows that she will be paid for hours reported, no entitlement to overtime pay when she fails to report).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PROPOSED JURY INSTRUCTION 6

### (Rest Time and Meal Time)

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Under the Fair Labor Standards Act, *bona fide* meal periods are not compensable work time. A *bona fide* meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as *bona fide* meal periods, the employee must be relieved from duty. An employee is relieved from duty when the employee's time is not spent predominantly for the benefit of the employer. In other words, if during meal periods the employee's time and attention are primarily occupied by a private or personal pursuit, such as relaxing or eating, then the employee is relieved from duty. On the other hand, if during meal periods the employee's time or attention is taken up principally by work responsibilities that prevent the employee from comfortably and adequately passing the meal time, then the employee has not been relieved from duty.

An employee is not denied a *bona fide* meal period by being restricted to the employer's premises, if the employee is otherwise relieved of duties during the meal period. An employee is not denied a *bona fide* meal period by being on-call with some limited duties, if the employee otherwise spends his time and attention predominantly in pursuit of personal or private interests.

29 C.F.R. § 785.18; *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19. McNamara, Southerland, Federal Employment Jury Instructions (2011).

GIVEN AS REQUESTED            _____
GIVEN AS MODIFIED             _____
REFUSED                       _____
WITHDRAWN                     _____

**Defendants object to the rest time instruction as this is not an issue in the case. Defendants object to the meal break instruction as PEREZ was on a salary which included meal breaks. It would be prejudicial for the Jury to assume that as to PEREZ there is an obligation to pay an hourly-rate what PEREZ will claim are interrupted meal breaks.  As to CINI, the evidence will show that she was paid for meal periods. In addition, Plaintiffs add their own language to the DOL regulation,  29 C.F.R. § 785.18, stating that employees who take up work responsibilities during their meal period are working. This is a factual issue that should not be given as a jury instruction. Further objection is made to the last paragraph which is based on case law in addition to the CFR regulation as the language is duplicative prejudicial, unnecessary and not based on the evidence.**

## PROPOSED JURY INSTRUCTION NO. 7

## RECORD KEEPING OBLIGATION OF EMPLOYER UNDER THE FLSA

The law required an employer keep records of how many hours the employees work and the amount they are paid. It is the employer's responsibility of keeping records of hours worked by employees under the Fair Labor Standards Act.  Where the employer's records of work time are inaccurate or completely missing and the employee cannot offer convincing substitutes, the employee has carried out her burden if he proves that he has in fact performed work for which she has been improperly compensated and if she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

In this case, Plaintiffs claim that the Defendants did not have a time recording system in place during Plaintiffs' employment at the firm to keep and maintain adequate records of their hours and pay. Plaintiffs also claim that the Defendants failure to keep and maintain adequate records had made it difficult for them to prove the exact amount of their claims.

If you find that the Defendants failed to keep adequate time and pay records for the Plaintiffs and that Plaintiffs performed work for which they should have been paid, the Plaintiffs may recover a reasonable estimation of the amount of their damages. But to record this amount, the Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

*Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680, 687 (1946).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**Objection is made to the record keeping requirements because this instruction is already incorporated in the Pattern instruction.**

## PROPOSED JURY INSTRUCTION NO. 8

**FURTHER RECORD KEEPING OBLIGATIONS OF EMPLOYER UNDER THE FLSA**

In this case, Plaintiffs claim that Defendants failed to keep and maintain adequate records.

Every employer shall maintain and preserve payroll or other records with respect to each employee containing the time of day and day of week on which the employee's workweek begins including the starting time and length of each employee's work period. Such records shall include the regular hourly rate of pay for any workweek in which overtime compensation is due and shall explain the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis.

The records must show the hours worked each workday and the total hours worked each workweek, and must set forth the total daily or weekly earnings or wages due for hours worked during the workday or workweek.

If you find that Defendants failed to keep adequate time and pay records for Plaintiff and that Plaintiff performed work for which he should have been paid, Plaintiff may recover a reasonable estimation of the amount of his damages. But to recover this amount, the Plaintiff must prove by a preponderance of the evidence a reasonable estimation of the amount and extend of the work for which he seeks pay.

29 C.F.R. 516.2 (Modified).

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

**Defendant objects, the recordkeeping instruction is found in the standard Pattern instruction. Plaintiffs' instruction contains additional time keeping requirements not set forth in the pattern instruction.**

### PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 9

### (WILLFULLNESS)

Under the FLSA the Plaintiff is entitled to recover lost wages from the present time back to no more than two years before this lawsuit was filed unless you find the employer either knew, or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA. If you find that the employer knew, or showed reckless disregard for the matter of whether, its conduct was prohibited by the FLSA, the Plaintiff is entitled to recover lost wages back to no more than three years before this lawsuit was filed. The subject lawsuit was filed on February 23, 2015.

An employer willfully violates the Act if he should inquire as to whether actions violate the Act, but fails to do so. A willful violation of the Act occurs when an employer either knows that his conduct is prohibited by or "show[s] reckless disregard for" the overtime wage laws. An employer knowingly violates the Act if he disregards the overtime wage laws deliberately or intentionally, such as by ignoring "advice from a responsible official…that the conduct in questions is not lawful." An employer acts with reckless disregard for the Act if the employer's conduct is more than "merely negligent," and is blameworthy "if the employer should have inquired further into whether [his] conduct was in compliance with the Act, and failed to make adequate further inquiry."

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 4.14. (MODIFIED). *Quoting* the Published opinion of Maria Teresa Davila v. Maria Claudia Menendez and Rudolfo Menendez, In the United States Court of Appeals (11th Circuit, 6/10/13), No. 12-11049, D.C. Docket No. 1:10-cv-21282-TEB, *specifically* McLaughlin v. Richland Shoe Co., 486 U.S. 128 S. Ct. 1677 (1988); 29 C.F.R. §578.3(c)(1); 5 C.F.R. §551.104.

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

**<u>Defendants object as the willfulness instruction is contained in the Eleventh Circuit Pattern Jury Instruction.</u>**

## PROPOSED JURY INSTRUCTION NO. 10
## (RIGHTS TO OVERTIME NON-WAIVABLE)

An individual employee's rights for overtime compensation under the Fair Labor

Standards Act cannot be abridged by contract or otherwise waived by the employee.

*Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981; *Baker et.al. v. Barnard Construction Co. et.al.*, 146 F.3d 1214 (10th Cir. 1998).

GIVEN AS REQUESTED     _____
GIVEN AS MODIFIED     _____
REFUSED     _____
WITHDRAWN     _____

**Defendants object as waiver is not an issue in this case and the instruction is prejudicial in that it may lead to a verdict not based on the evidence and it may lead to confusion of the part of the Jury. The instruction does not conform with the evidence as waiver is not an issue in this case**

**PROPOSED JURY INSTRUCTION NO. 11**

**("WORK" DEFINED)**

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

*Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590 (1944).

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

**Defendants object this instruction does not address any of the issues in this case and it may lead to confusion of the part of the Jury.**

## PROPOSED JURY INSTRUCTION NO. 12

### (EMPLOYEE PERMITTED TO WORK)

Permitting an employee to engage in an activity is considered "work" under the FLSA.


29 U.S.C. 203 (e)(1)


GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____


**Defendants object this instruction does not address any of the issues in this case and it may lead to confusion of the part of the Jury.**

## <u>PROPOSED JURY INSTRUCTION NO. 13</u>

### (**"COMPENSABLE TIME" INCLUSIVE**)

"Compensable time" includes far more than the time that the employee spends engaged in active labor.

*Armour & Co. v. Wantock, 323 U.S. 126 (1944) and Skidmore v. Swift & Co., 323 U.S. 134 (1944)*

GIVEN AS REQUESTED          _____
GIVEN AS MODIFIED           _____
REFUSED                     _____
WITHDRAWN                   _____

**<u>Defendants object this instruction does not address any of the issues in this case and it may lead to confusion of the part of the Jury.</u>**

## ROPOSED JURY INSTRUCTION NO. 14

## RECORD KEEPING REQUIREMENTS OF THE EMPLOYER

(a) Items required. Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

29 CFR 516.2

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
 REFUSED:

**Defendants object as the willfulness instruction is contained in the Eleventh Circuit Pattern Jury Instruction. Moreover, this instruction creates obligations that are not required by FLSA from this Defendant.**

## <u>INSTRUCTION NO. 15</u>

### DUTY TO DELIBERATE
### WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous--in other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just

because others think differently or because you simply want to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

11th Circuit Pattern Jury Instruction (Civil Cases) 2013, 3.8.1.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## <u>INSTRUCTION NO. 16</u>

**ELECTION OF FOREPERSON**
**EXPLANATION OF VERDICT FORM(S)**

When you go to the jury room you should first select one of your members to act as your foreperson.  The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer.  The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response.  But I caution you not to tell me how many jurors have voted one way or the other at that time.  That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

11th Circuit Pattern Jury Instruction (Civil Cases) 2005, 8.

GIVEN:
GIVEN AS MODIFIED:
WITHDRAWN:
REFUSED:

## PLAINTIFFS' PROPOSED VERDICT FORM

Do you find from a preponderance of the evidence:

1.      That Defendants failed to pay Plaintiff PEREZ overtime pay required by law under the FLSA for the relevant time period.

YES _____              NO _____

Regardless of your answer go to the next question.

### DAMAGES

2.      That Plaintiff PEREZ should be awarded overtime wages?

YES _____              NO _____

If your answer is " YES,"

in what amount?        $ _____

### ADMINISTRATIVE EXEMPTION[6]

3.      That the Defendants proved by clear and convincing evidence that Plaintiff PEREZ was exempt from overtime wage requirements under the Fair Labor Standards Act as an executive employee?

YES _____              NO _____

Regardless of your answer go to the next question.

4.      That Defendants failed to pay Plaintiff CINI overtime pay required by law under the FLSA for the relevant time period.

YES _____              NO _____

_____

[6] Plaintiffs' position is that the Order Adopting Magistrate's Report and Recommendation [DE81] disposed of all exemptions and Plaintiffs do not agree in any way that Defendants should be permitted to present arguments regarding whether Plaintiff PEREZ was an administrative exempt employee. However, Plaintiffs submit the Jury instructions contained herein regarding alleged exemptions in an abundance of caution.

Regardless of your answer go to the next question.

<u>DAMAGES</u>

5.      That Plaintiff CINI should be awarded overtime wages?

YES _____                    NO _____

If your answer is " YES,"

in what amount?        $ _____

SO SAY WE ALL.

_____
JURY FOREPERSON

_____
DATE

**Defendants object to the burden of proof on the administrative exemption as being by "clear and convincing" evidence. The burden is by the preponderance of the evidence as set forth in the Eleventh Circuit's Pattern Jury Instruction 4.14; There is also conflicts with Eleventh Circuit Pattern Instruction 1.1 which states that Affirmative Defenses must be proven by preponderance of the evidence. See also *Dybach v. Fla. Dep't of Corrs.*, 942 F.2d 1562, 1566 n.5 (11th Cir. 1991) (FLSA exemption to be proven by preponderance of evidence); *Walters v. Am. Coach Lines of Miami, Inc.*, 2009 U.S. Dist. LEXIS 50328, \*9, 158 Lab. Cas. (CCH) P35,621, 2009 WL 1684652 (S.D. Fla. June 16, 2009) (burden at summary judgment, *clear and convincing* evidence but by a *preponderance of the evidence* at trial).**

## DEFENDANTS' PROPOSED VERDICT FORM

Do you find from a preponderance of the evidence:

1.     That PEREZ is not entitled to overtime pay because her primary duty "primary duty" was to  perform work directly related to assisting with the running or servicing of the business.

YES _____                         NO _____

[Note. If your answer is "Yes" to this question, you need not answer the remaining questions as to PEREZ. If your answer is "No" please proceed to answer the remaining questions as to PEREZ]

## DAMAGES

2.     That the salary paid to PEREZ was intended to compensate her for all hours worked in a given week.

YES _____                         NO _____

3.     That CINI failed to prove that ANASTASIA GARCIA P.A. and ANASTASIA GARCIA that ANASTASIA GARCIA P.A. and ANASTASIA GARCIA knew that CINI worked overtime hours for which she was not compensated.

YES _____                         NO _____

[Note. If your answer is "Yes" to this question, you need not answer the remaining questions as to CINI. If your answer is "No" please proceed to answer the remaining questions as to CINI]

4.     That Defendants knew or showed reckless disregard as to whether the FLSA prohibited their conduct.

YES _____                         NO _____

5.     That Plaintiff PEREZ should be awarded _____ overtime damages.

YES _____                         NO _____

6.     That Plaintiff CINI should be awarded _____ overtime damages.

YES _____                         NO _____

SO SAY WE ALL.

_____
JURY FOREPERSON

_____
DATE