UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20615-CIV-O'SULLIVAN

[CONSENT CASE]

| | |
|---|---|
| YENISEY PEREZ, CINTIA CINI, and all others similarly situated under 29 U.S.C. 216(b), | ) ) ) ) |
| Plaintiffs, | ) |
| vs. | ) ) |
| ANASTASIA M. GARCIA, P.A., ANASTASIA M. GARCIA, | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

**<u>JURY INSTRUCTIONS</u>**

## **JURY INSTRUCTION NO. 1**

### **THE DUTY TO FOLLOW INSTRUCTIONS CORPORATE/LLC PARTY INVOLVED**

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation (in this case a P.A. entity) is involved as a party must not affect your decision in any way. A corporation/P.A. and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation/P.A. is involved, of course, it may act only through people as its employees; and, in general, a corporation/P.A. is responsible under the law for the acts and statements of its employees which are made within the scope of their duties as employees of the company.

## JURY INSTRUCTION NO. 2

## IMPEACHMENT OF WITNESSES
## (INCONSISTENT STATEMENT)

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

## JURY INSTRUCTION NO. 3

## RESPONSIBILITY FOR PROOF – PLAINTIFFS' CLAIMS - PREPONDERANCE OF THE EVIDENCE

In this case it is the responsibility of the Plaintiffs to prove every essential part of his claim[s] by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that Plaintiffs claim are more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the Plaintiffs.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of Plaintiffs' claims by a preponderance of the evidence, you should find for the Defendants as to that claim.

# JURY INSTRUCTION NO. 4

## RESPONSIBILITY FOR PROOF—AFFIRMATIVE DEFENSE PREPONDERANCE OF THE EVIDENCE

In this case, the Defendants ANASTASIA GARCIA P.A. and ANASTASIA GARCIA assert the affirmative defense of the Administrative Exemption as to YENNSEY PEREZ' overtime claim. Even if the Plaintiff YENNSEY PEREZ proves her claim by a preponderance of the evidence, ANASTASIA GARCIA P.A. and ANASTASIA GARCIA can prevail in this case if they prove the affirmative defense by a preponderance of the evidence.

I caution you that ANASTASIA GARCIA P.A. and ANASTASIA GARCIA do not have to disprove YENNSEY PEREZ' claim, but if ANASTASIA GARCIA P.A. and ANASTASIA GARCIA raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

## JURY INSTRUCTION NO. 5

### FAIR LABOR STANDARDS ACT
### (29 USC Section 216)

In this case, Plaintiffs, YENISEY PEREZ and CINTIA CINI, claim that Defendants, ANASTASIA M. GARCIA, P.A., and ANASTASIA M. GARCIA, did not pay Plaintiffs their overtime pay required by the federal Fair Labor Standards Acts, also known as the FLSA.

To succeed on their claim against Defendants, Plaintiffs must prove each of the following facts by a preponderance of the evidence:

First: Plaintiffs were employees of Defendants and were employed by an enterprise engaged in commerce; and

Second: Defendants failed to pay Plaintiffs overtime pay required by law.

In the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

For the first element, Plaintiffs must prove by a preponderance of the evidence that they were employees employed by an enterprise engaged in commerce. An "enterprise engaged in commerce or the production of goods for commerce" means a business that has employees engaged in commerce or the production of commercial goods for commerce and has annual gross sales of at least $500,000.

For the first element, the Parties agree that the Plaintiffs were each an employee of both the Individual and Corporate Defendants and that the Plaintiffs were employed by an enterprise engaged in commerce. Therefore, you should consider the first element to already be established.

However, the Parties dispute the second element as the Defendants claim they did not fail to pay the Plaintiffs the overtime pay required by law that they seek.

The FLSA requires an employer to pay an employee at least one-and-one-half times the employee's "regular rate" for time worked over 40 hours in a workweek. Put another way, if an employee works more than 40 hours in one workweek, the employer must pay the employee the overtime rate of 1.5 times the regular rate for all time worked after the first 40 hours. This is commonly known as time-and-a-half pay for overtime work.

The employee's regular rate for one week is the basis for calculating any overtime pay due to the employee. The "regular rate" for a week is determined by dividing the total wages paid for the week by the total number of hours Plaintiff's weekly salary was intended to compensate. To calculate how much overtime pay was owed to the Plaintiffs for a certain week, subtract 40 from the total number of hours they worked and multiply the difference by the overtime rate. Defendants failed to pay the Plaintiffs the required overtime pay if the Defendants paid the Plaintiffs less than that amount.

The Defendants are not asserting any exemptions against Plaintiff CINI. To prove a violation of the FLSA, Plaintiff CINI must demonstrate that: (1) she worked overtime without compensation; and (2) that Defendants knew or should have known of the overtime work. If you find that Defendants did not know or should not have known of the overtime hours worked by Plaintiff CINI, then you need not decide the issue of CINI's damages. But, if you find that Defendants knew or should have known of the overtime hours worked by CINI you must decide the issue of CINI's damages.

Defendants claim one affirmative defense that Plaintiff PEREZ was an administrative employee, exempt from the FLSA's overtime provisions.

I caution you that the Defendants do not have to disprove the Plaintiff PEREZ's claim, but if the Defendants raise an affirmative defense, the only way they can prevail on that specific defense is if they prove that defense by a preponderance of the evidence.

To establish that Plaintiff PEREZ is exempt under the administrative exemption, Defendants must prove each of the following facts by a preponderance of the evidence:

An employee is an exempt administrative employee if:

(1) The employee is compensated on a salary or fee basis at a rate not less than $455 per week;

(2) The employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers; and

(3) The employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.

The Parties agree that, during the relevant time period, Plaintiff PEREZ was compensated at a salary of not less than $455 per week. Therefore, you need only decide whether the Defendants have proven by a preponderance of the evidence the remaining two factors.

To qualify for exemption, an employee's "primary duty" must be the performance of exempt work. The term "primary duty" means the principal, main, major or most important duty that the employee performs. Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a

whole. Factors to consider when determining the primary duty of an employee include, but are not limited to:

( 1) the relative importance of the exempt duties as compared with other types of duties;

(2) the amount of time spent performing exempt work;

(3) the employee's relative freedom from direct supervision; and

(4) the relationship between the employee's salary and the wages paid to other employees for the kind of nonexempt work performed by the employee.

The amount of time spent performing exempt work can be a useful guide in determining whether exempt work is the primary duty of an employee. Thus, employees who spend more than 50 percent of their time performing exempt work will generally satisfy the primary duty requirement. Time alone, however, is not the sole test, and nothing in this section requires that exempt employees spend more than 50 percent of their time performing exempt work. Employees who do not spend more than 50 percent of their time performing exempt duties may nonetheless meet the primary duty requirement if the other factors support such a conclusion.

The phrase "directly related to the management or general business operations" refers to the type of work performed by the employee. To meet this requirement, an employee must perform work directly related to assisting with the running or servicing of the business, as distinguished, for example, from working on a manufacturing production line or selling a product in a retail or service establishment.

Work directly related to the management or general business operations includes, but is not limited to, work in functional areas such as:

(1) tax;
(2) finance;
(3) accounting;
(4) budgeting;

 (5) insurance;
(6) quality control;
(7) purchasing;
(8) procurement;
(9) personnel management;
 (10) employee benefits;
(11) government relations;
(12) computer network;
(13) internet and database administration; and
(14) similar activities.

It is not necessary that Plaintiff performs work in all of the functional areas listed above in order to qualify as exempt. In general, the exercise of discretion and independent judgment involves the comparison and the evaluation of possible courses of conduct, and acting or making a decision after the various possibilities have been considered. The term "matters of significance" refers to the level of importance or consequence of the work performed.

Factors to consider when determining whether an employee exercises discretion and independent judgment with respect to matters of significance include, but are not limited to:

(1) whether the employee has authority to formulate, affect, interpret, or implement management policies or operating practices;
(2) whether the employee carries out major assignments in conducting the operations of the business;
(3) whether the employee performs work that affects business operations to a substantial degree, even if the employee's assignments are related to operation of a particular segment of the business;
(4) whether the employee has authority to commit the employer in matters that have significant financial impact;
(5) whether the employee has authority to waive or deviate from established policies and procedures without prior approval;
(6) whether the employee has authority to negotiate and bind the company on significant matters;
(7) whether the employee provides consultation or expert advice to management;
(8) whether the employee is involved in planning long- or short-term business objectives;
(9) whether the employee investigates and resolves matters of significance on behalf of management; and
(10)   whether the employee represents the company in handling complaints, arbitrating disputes or resolving grievances. It is not necessary for the Plaintiff to exercise discretion and independent judgment in all of these areas listed above in order to qualify as exempt.

The exercise of discretion and independent judgment implies that the employee has authority to make an independent choice, free from immediate direction or supervision. However, employees can exercise discretion and independent judgment even if their decisions or recommendations are reviewed at a higher level. Thus, the term "discretion and independent judgment" does not require that the decisions made by an employee have a finality that goes with unlimited authority and a complete absence of review. The decisions made as a result of the exercise of discretion and independent judgment may consist of recommendations for action rather than the actual taking of action. The fact that an employee's decision may be subject to review and that upon occasion the decisions are revised or reversed after review does not mean that the employee is not exercising discretion and independent judgment. For example, the policies formulated by the credit manager of a large corporation may be subject to review by higher company officials who may approve or disapprove these policies. The management consultant who has made a study of the operations of a business and who has drawn a proposed change in organization may have the plan reviewed or revised by superiors before it is submitted to the client.

A job title alone is insufficient to establish the exempt status of an employee. The exempt or non-exempt status of any particular employee must be determined on the basis of whether the employee's salary and duties meet the requirements of the regulations in this part.

If you find by a preponderance of the evidence that Plaintiff PEREZ is an administrative employee, you will not decide the issue of Plaintiff PEREZ's damages. But, if you find that Plaintiff PEREZ is not an exempt employee, you must decide the issue of Plaintiff PEREZ's damages.

If you find that the Plaintiffs have proved their claims, then you must turn to the question of damages which the Plaintiffs are entitled to recover.

The measure of damages is the difference between what the Plaintiffs should have been paid under the Act and the amount that you find the Plaintiffs actually were paid. This lawsuit was filed on February 17, 2015. Plaintiff PEREZ is entitled to recover lost wages from the date of the filing of her lawsuit back to no more than two years (2/17/13-2/17/15) —unless you find that the employer, Defendants, either knew or showed reckless disregard for whether the FLSA prohibited its conduct. If you find that the employer, Defendants, knew or showed reckless disregard for whether the FLSA prohibited its conduct, then Plaintiff PEREZ is entitled to recover lost wages from date of the filing of her lawsuit back to no more than three years (2/17/12-2/17/15). As to Plaintiff CINI, you are to consider her entire employment period from March 28, 2014 to February 14, 2015.

The law required an employer to keep records of how many hours her/its employees work and the amount they are paid. In this case, Plaintiffs claim that Defendants failed to keep and maintain adequate records of their hours and pay. Plaintiffs also claim that Defendants' failure to keep and maintain adequate records has made it difficult for them to prove the exact amount of their claims.

If you find that Defendants failed to keep adequate time and pay records for Plaintiffs and that Plaintiffs performed work for which they were should have been paid, Plaintiffs may recover a reasonable estimation of the amount of their damages. But to recover this amount, Plaintiffs must prove by a preponderance of the evidence a reasonable estimation of the amount and extent of the work for which they seek pay.

## JURY INSTRUCTION NO. 6

## REST TIME AND MEAL TIME

Rest periods of short duration, running from 5 minutes to about 20 minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

Bona fide meal periods are not worktime. Bona fide meal periods do not include coffee breaks or time for snacks. These are rest periods. The employee must be completely relieved from duty for the purposes of eating regular meals. Ordinarily 30 minutes or more is long enough for a bona fide meal period. A shorter period may be long enough under special conditions. The employee is not relieved if he is required to perform any duties, whether active or inactive, while eating. For example, an office employee who is required to eat at his desk or a factory worker who is required to be at his machine is working while eating.

## **JURY INSTRUCTION NO. 7**

### **RIGHTS TO OVERTIME NON-WAIVABLE**

An individual employee's rights for overtime compensation under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

# JURY INSTRUCTION NO. 8

## "WORK" DEFINED

"Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his/her business.

## **JURY INSTRUCTION NO. 9**

## **EMPLOYEE PERMITTED TO WORK**

Permitting an employee to engage in an activity is considered "work" under the FLSA.

## JURY INSTRUCTION NO. 10

### DUTY TO DELIBERATE
### WHEN PLAINTIFF CLAIMS DAMAGES

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiffs should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous--in other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just

because others think differently or because you simply want to get the case over with.

Remember, that in a very real way you are judges - - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

## JURY INSTRUCTION NO. 11

### ELECTION OF FOREPERSON
### EXPLANATION OF VERDICT FORM

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

A form of verdict has been prepared for your convenience.

[Explain verdict]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible—either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.