UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-20615-CIV-O'SULLIVAN
CONSENT

YENISEY PEREZ and CINTIA CINI,

    Plaintiffs,

v.

ANASTASIA M. GARCIA, P.A.
and ANASTASIA M. GARCIA,

    Defendants.
_____/

## ORDER

THIS MATTER is before the Court on the Plaintiffs' Motion To Tax Costs (DE # 150, 3/8/16) and the Plaintiffs' Verified Motion for Attorney Fees Pursuant to 29 USC 216(B) and Local Rule 7.3 (DE # 151, 3/8/16).  The parties jointly consented to Magistrate Judge jurisdiction on all matters pursuant to 28 U.S.C. §636(c). (DE# 82, 9/8/2015). This matter was reassigned to the undersigned by Judge Moreno, United States District Court for the Southern District of Florida, on September 21, 2015, pursuant to 28 U.S.C. §636(c). (DE # 83, 9/21/15).

On March 8, 2016, the plaintiffs filed both the Plaintiffs' Motion to Tax Costs (DE # 150, 3/8/16) and the Plaintiffs' Verified Motion for Attorney Fees Pursuant to 29 USC 216(B) and Local Rule 7.3. (DE # 151, 3/8/16).  On March 25, 2016, the defendants filed the Defendants' Response to Plaintiffs' Motion for Attorney's Fees and Costs (DE # 152, 3/25/16) in response to both of the aforementioned motions.  On March 31, 2016, the plaintiffs filed the Plaintiffs' Reply to Response to Motion for Attorney Fees

and Costs (DE # 153, 3/31/16).  Having carefully considered the filings and law, the undersigned issues the following Order **GRANTING in part and DENYING in part** the Plaintiffs' Verified Motion for Attorney Fees Pursuant to 29 USC 216(B) and Local Rule 7.3 (DE # 151, 3/8/16) and **GRANTING in part and DENYING in part** the Plaintiffs' Motion To Tax Costs (DE # 150, 3/8/16).

## BACKGROUND

On February 23, 2015, Yenisey Perez and Cintia Cini (collectively, "plaintiffs") filed their First Amended Complaint against Anastasia M. Garcia P.A. and Anastasia M. Garcia (collectively "defendants"). *See* First Amended Complaint under 29 U.S.C. 201-216 Overtime Wage Violations and Retaliation under 29 U.S.C. 215(A)(3) (DE# 9, 2/23/15). (hereinafter "First Amended Complaint"). The First Amendment Complaint alleged two causes of action against the defendants: federal overtime wage violation (Count I) and retaliation (Count II).[1]  The Court conducted a jury trial in this matter on the overtime claims, and the jury awarded Yenisey Perez $10,094.76 in unpaid overtime wages.  (DE # 129, 2/4/16).  The jury awarded Cintia Cini $690.00 in overtime wages.  (DE # 129, 2/4/16).  In addition, the jury found that the defendants either knowingly or recklessly failed to pay the plaintiffs their overtime pay.  (DE # 129, 2/4/16).  On February 11, 2016, the undersigned issued an Order (DE # 135, 2/11/16) granting the plaintiffs' Unopposed Motion for Imposition of Liquidated Damages and doubled the jury award to Yenisey Perez to $20,189.52 and doubled the jury award to Cintia Cini to $1,380.00.  Final Judgment (DE # 136, 2/11/16) in the amount of

---

[1] On April 20, 2015, the Court entered an Order bifurcating the plaintiffs' overtime claims from their retaliation claims. See Order (DE# 26, 4/20/15).

$21,569.52 was entered by the undersigned in this matter against both defendants jointly and severally on February 11, 2016.

The plaintiffs request a total of $164,082.00 in fees and $3,086.10 in costs. In the Motions, the plaintiff initially requested fees in the amount of $162,431.50, costs in the amount of $3,166.10, and indicated that they would likely supplement their request for fees for the time spent litigating the amount of fee award in this matter. The plaintiffs indicated in their motion for fees that the requested fees did not include fees regarding the retaliation claim. In the reply, the plaintiffs conceded to a reduction of fees as requested in the motion in the amount of $2002.50. In the reply, the plaintiffs also conceded to a reduction of costs in the amount of $80.00. Moreover, in the reply, the plaintiffs requested $3,653.00 in fees for attorney time spent litigating the amount of fees in this matter.[2]  $162,431.50 - $2002.50 = $160,429.00.  $160,429.00 + $3,653.00

---

[2] In the case of *Norelus v. Denny's, Inc.*, 628 F.3d 1270 11th Cir. 2010), the Eleventh Circuit noted that

> Like other courts, we have allowed parties to recover the cost of establishing their right to, and the amount of attorney's fees—the right to fees-on-fees. *See, e.g., Jackson v. State Bd. of Pardons & Paroles,* 331 F.3d 790, 798–99 (11th Cir.2003) (holding "that fees-on-fees are recoverable under" the Prison Litigation Reform Act of 1995, 42 U.S.C. § 1997(e)(d)(1)(A)); *Jean v. Nelson,* 863 F.2d 759, 780 (11th Cir.1988) (holding "that the United States may not oppose a 'fees for fees' request [under the Equal Access to Justice Act, 28 U.S.C. § 2412,] solely on the ground that its position in the fee litigation was substantially justified"); *Jonas v. Stack,* 758 F.2d 567, 568 (11th Cir.1985) ("[A] prevailing party's counsel is entitled to reasonable compensation when he litigates his own claim for entitlement to § 1988 fees.").

*Norelus v. Denny's, Inc.*, 628 F.3d 1270, 1301 (11th Cir. 2010).

3

= $164,082.00 (the amount of fees requested by the plaintiffs in the reply).  $3,166.10 - $80.00 = $3,086.10 (the amount of costs requested by the plaintiffs in the reply).

## ANALYSIS

### I. Costs

The plaintiffs seek costs pursuant to 28 U.S.C. § 1920 and 29 U.S.C. § 216(b). 28 U.S.C. § 1920 sets out the specific costs that may be recovered.  29 U.S.C. § 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. FED.R.CIV.PRO. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered.  *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).  Accordingly, "[a]n enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim." *Id*. Here, the plaintiffs prevailed, attaining a jury verdict in their favor, and are entitled to recover reasonable costs.

Specific costs, which may be awarded, are set forth in 28 U.S.C. § 1920, stating:

A judge or clerk of any Court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).  Here, the plaintiffs may only recover those costs they are entitled to recover under 28 U.S.C. §1920.  In the Plaintiffs' Motion, the plaintiffs seek to recover a total of $3,086.10 in costs.  The costs awarded to the plaintiffs are outlined below.

### A. Fees of the Clerk

Pursuant to 28 U.S.C. § 1920(1), the plaintiffs seek to recover $400.00 in filing fees for costs associated with fees of the Clerk.  Filing fees are permitted under the statute and the amount requested by the plaintiffs is reasonable.  The undersigned finds that the plaintiffs are entitled to receive **$400.00** for the costs associated with the fees of the clerk.

5

### B. Service of Summons and Subpoenas

The plaintiffs seek to recover $760.00 for fees associated with the service of the summons and subpoenas.[3] The defendants argue that the $40.00 costs in this category should be denied as to Ms. Montero, Ms. Suarez, Paul Garcia, and Luis Garcia, because they voluntarily appeared at deposition and were not called to testify at trial. The defendant further objects to: the $80.00 charge in this category for the defendant, Ms. Garcia; the $80.00 charge in this category for Mr. Frank Martin who voluntarily appeared for deposition; the $40.00 charge in this category for Ms. Socarra because she was not called to testify at trial; and the $80.00 charge in this category for the corporate representative because Ms. Garcia was present during the entire time of the trial. The defendants argue that the award for the costs associated with the service of the summons and subpoenas should be reduced to $320.00.

In the reply, the plaintiffs assert that they should be awarded process server fees even if a witness did not testify at trial because the plaintiffs should receive reimbursement for the costs charged by the process server to the plaintiffs for her attempts at service. The plaintiffs further note that when they prepared for trial, they "needed to secure those witnesses, and could not rely on the defense to ensure they were present to the extent needed for trial." (DE # 153, at p. 6). "Private process

---

[3] In the Bill of Costs attached to the Motion to Tax Costs (DE # 150, 3/8/16), the plaintiffs initially requested costs in the amount of $840.00 for the service of summons and subpoenas. In the Reply (DE # 153, 3/31/16), the plaintiff agreed to an $80.00 reduction for these costs because the defendants accepted service.

6

server fees may be taxed."[4]  *W&O*, 213 F. 3d at 623.  Moreover, service of process fees are proper under the statute, and the undersigned finds that the amounts requested are reasonable and should be awarded to the plaintiffs.  The undersigned finds that the plaintiffs are entitled to receive **$760.00** for the costs associated with the service of summons and subpoenas.

<u>C. Fees for Printed or Electronically Recorded Transcripts Necessarily Obtained for use in the Case</u>

The plaintiffs request reimbursement in the amount of $931.10 for transcript fees.  These costs are permitted under 28 U.S.C. §1920(2) if the printed or electronically recorded transcripts were *necessarily* obtained for use in the case. *Nat'l Bancard Corp., etc. v. Visa U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D.Fla. 1986).

The defendants object to the costs requested in this category for various reasons, among which is the fact that neither the Motion nor the Bill of Costs indicates how and if the transcripts were used.  The defendants further complain about invoices in the amount of $100.00 and $200.00 that do not identify the witnesses, and an expedited deposition transcript fee.  In the reply, the plaintiffs note that the depositions were necessary in this case, regardless of the breakdown.  The plaintiffs further indicate that the $100.00 invoice was for a certificate of non appearance on a date the defendants know there was a deposition noticed in this matter, and also that the defendants were aware that a deposition was taken in the case on the date that is reflected on the $200.00 invoice.

---

[4] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

As noted above, there is an instance where the plaintiffs request a rush fee with respect to a deposition.  The defendants object to the rush fee and the plaintiffs argue that due to the timing of the deposition the expedited transcript was necessary.  The case law is clear that certain expenses related to transcripts are not taxable.  *See Licausi v. Symantec Corp.*, 2009 WL 3177566, at *3 (S.D. Fla., 2009) (citations omitted) (holding that costs for "expedited or condensed transcripts, compressed and mini script versions, and CD ROM's with ASCII" are not taxable under § 1920); *Muldowney v. MAC Acquisition, LLC*, No. 09-22489, 2010 WL 3385388, at *3 (S.D. Fla. July 30, 2010) (deducting rush fees from costs because they were for the convenience of the defendants);  *Johnson v. Communications Supply Corp.*, No. 05-60510, 2006 WL 3709620, at *2 (S.D. Fla. Dec. 14, 2006) (removing rush fees, same-day service fees, and Federal Express fees in the award of costs).

The undersigned finds that the deposition transcripts for which the plaintiffs request reimbursement were necessary for use in the case, but that the plaintiffs are not entitled to recover any rush fees related to the transcripts.  The requested award should be reduced for items deemed as unnecessary by this court, including expedited charges.  *See Licausi*, 2009 WL 3177566, at *3 (citation omitted).  The expedited transcript request by the plaintiffs appears to be for 103 pages at a rate of $6.00 per page for a total transcript charge of $618.00, not including the exhibits and other items.  On one of the other invoices, the court reporter appears to charge $3.40 per page for a non expedited transcript.  The undersigned finds that $3.40 per page for the transcript related to the June 2, 2015, invoice is a more appropriate charge than $6.00 per page.

This is a reduction of $2.60 per page. 103 pages at a rate of $3.40 per page equals $350.20, a reduction of $267.80 for the June 2, 2015, invoiced deposition. The undersigned finds that the cost request in this category should be reduced by $267.80 and the plaintiffs are entitled to recover **$663.30** for these costs.

### D. Fees for Witnesses

The plaintiffs request fees for witnesses in the amount of $845.00. In support of the request, the plaintiffs submit the affidavit of the owner of the process server company they used in this matter, Perry Parang. The affidavit indicates that the process server delivered witness fees checks to all the witnesses listed in section three (3) of the affidavit, for the dates listed in section three (3) of the affidavit, all in the amount of $40.00, except for one check in the amount of $45.00 to Natalia Rodriguez on February 19, 2016. The total for which was $845.00. The defendants object to the service of summons and subpoenas fees in their response, but do not object to the fees for witnesses. The undersigned finds that the witness fees were reasonable, adequately explained by the affidavit of the process server, and should be awarded to the plaintiffs. The undersigned finds that the plaintiffs are entitled to an award in the amount of **$845.00** for witness fees.

### E. Interpreter Fees

Pursuant to the statute, the plaintiffs request $150.00 in costs for interpreter fees. Costs associated with interpreters may be recovered under 28 U.S.C. §1920(6). *Martinez-Pinillos v. Air Flow Filters, Inc.*, 2010 WL 6121708, at *7 (S.D.Fla. 2010). The defendants object to an award for the costs associated with the interpreter because the

invoice does not specify what the interpreter did at trial or whether the services of the interpreter were necessary.  The plaintiffs indicate in the reply that the interpreter services were needed with respect to the testimony of the witness Natalia Rodriguez, who was the defendants' former secretary.  The undersigned finds that this cost is recoverable and reasonable, and that the plaintiff is entitled to recover **$150.00** for this cost.

In accordance with the foregoing, the undersigned awards a total of **$2,818.30** in costs to the prevailing plaintiff in this matter.

**II. Attorney's Fees**

A. Entitlement to Attorney's Fees

The Fair Labor Standards Act provides for the recovery of attorney's fees for a prevailing plaintiff. *See* 29 U.S.C. §216(b). The jury returned a verdict in favor of the plaintiffs in this matter, the plaintiffs are the prevailing parties, and the plaintiffs are entitled to recover a reasonable attorneys' fee in this matter.

B. Amount of Fee Award

Having determined that the plaintiffs are entitled to an award of attorney's fees incurred in connection with this lawsuit, the undersigned next addresses the appropriate amount of that fee award.  In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  *See Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933 (1983); *Loranger v. Stierheim,* 10 F.3d 776 (11th Cir. 1994).  These two figures are then multiplied together, resulting in a sum

commonly referred to as the "lodestar".  Under certain circumstances, the lodestar *may* be adjusted in order to reach a more appropriate attorney's fee.  *See Blum v. Stenson*, 465 U.S. 886, 888, 104 S. Ct. 1541, 1544 (1984).

        1. Reasonable Hourly Rate

The Court must first evaluate the plaintiffs' requested fee in terms of the appropriate hourly rate. In order to determine a reasonable and proper fee award, the court must consider the number of hours expended on the case together with the customary hourly fees charged in this community for similar services.  *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988).  The Supreme Court has held that a reasonable hourly rate is to be measured by "prevailing market rates in the relevant community."  *Blum*, 465 U.S. at 896.  In determining the prevailing market rates the Court should consider several factors including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases."  *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (*citing Dillard v. City of Elba*, 863 F. Supp. 1550, 1552 (M.D. Ala. 1993)).  The plaintiff indicates that the Court should look to the 12 factors described in the Fifth Circuit case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)[5] when determining the calculation of the lodestar.  The Supreme Court noted

---

[5]In *Bonner v. Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

11

that while district courts may consider the factors identified in *Johnson*, the district court should also note that many of the factors are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate. *Hensley*, 461 U.S. at 434 n.9. As an objective basis on which to make the initial estimate of the fee award, this Court may rely on the calculation of hours reasonably expended multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433; *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994).

Generally, acceptable proof of the market rate may be comprised of testimony and direct evidence from other legal practitioners in the relevant legal community who are familiar with the type of legal service provided and the prevailing market rate for such work. *Norman,* 836 F.2d at 1299. Furthermore, the court may make a fee award based on its own experience where documentation and testimony are inadequate. *Id.* at 1303 (*citing Davis v. Bd. of Sch. Comm'rs of Mobile Cnty.,* 526 F.2d 865, 868 (5th Cir. 1976)). In the Motion for Fees, the plaintiffs request hourly rates of both $350.00 per hour and $390.00 per hour for J.H. Zidell; hourly rates of $250.00 per hour and $300.00 per hour for Dan Feld; hourly rates of $325.00 per hour and $350.00 per hour for K. David Kelly; and an hourly rate of $225.00 per hour for Rivkah Jaff. In the reply, the plaintiffs indicate that Rivkah Jaff's current hourly rate is $260.00 per hour.[6]

The undersigned finds that the requested hourly rates for the plaintiffs' attorneys in this matter accurately reflect an appropriate hourly rate for these attorney in a Fair Labor Standards Act case, based on the experience each of the plaintiffs' attorneys has

---

[6]The hourly rate of $260.00 per hour for Rivkah Jaff relates to the request for fees made by the plaintiffs in their reply.

in this area of the law.

### 2. Hours Reasonably Expended

The Court must next evaluate the plaintiffs' requested fee for reasonableness in terms of the total hours expended by plaintiffs' counsel. In the motion, the plaintiffs request reimbursement for 208.40 hours for the work done by J.H. Zidell, 3.0 hours for the work done by Dan Feld, 75.50 hours for the work done by K. David Kelly, and 257.20 hours for the work done by Rivkah Jaff. In the reply, the plaintiffs request an additional 3.9 hours for the work by Mr. Kelly, an additional 4.2 hours for the work done by Mr. Zidell, and an additional 2.5 hours for the work done by Ms. Jaff, related to "fees on fees" in this matter. The plaintiffs support their motion by submitting time sheets.

This Court must exercise independent judgment when reviewing a claim for hours reasonably expended. *See Norman*, 836 F.2d at 1301-02. Hours deemed to be "excessive, redundant, or otherwise unnecessary" should be excluded. *Id*. "Attorneys who anticipate making a fee application must maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Nat'l Ass'n. of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982). It is necessary for attorneys to identify the subject matter of his/her time expenditures. *Hensley,* 461 U.S. at 437 n.12. If there is inadequate documentation or if the court finds a claim for hours to be "excessive or unnecessary", the court may reduce the number of hours for which fees will be awarded. *Florida Patient's Comp. Fund v. Rowe*, 472 So.2d 1145, 1150 (Fla. 1985); *see also Loper v. New York City Police Dep't,* 853 F.Supp. 716, 721 (S.D.N.Y. 1994) ("where adequate

contemporaneous records have not been kept, the court should not award the full amount requested"). "If the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011). Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." *Id.* at 808.

  The defendants argue that the fees in this matter should be reduced because the fees sought are "grossly exaggerated and unreasonable." The defendants also note that certain time entries made by the plaintiffs are questionable, and that this was a typical overtime case that does not justify an award of over $160,000.00 in attorney's fees. The defendants claim that there are time entries that were not contemporaneously entered and are inaccurate, and that the time entries in the ledger conflict with the attorney's fees reported at the time of the statements of claims. The plaintiff notes that the difference in the amount stated at the time of the statements of the claims and the amount stated at the time of the ledger is due to the fact that the fees for time associated with the retaliation claim were removed after the statements of claims.

  The defendants argue that Mr. Zidell enters a significant amount of time for attorneys fees the week before trial while he was on vacation, and that there are time entries for attendance at depositions that exceed the length of those depositions. The plaintiffs assert that they removed time entries related to the retaliation claims, but the defendants argue that the time sheets submitted still reflect hours related to the

retaliation claims.

The defendants also assert that the plaintiffs request attorney time for tasks that were clerical in nature, which is not permitted under the case law. The Supreme Court has cautioned that purely clerical or secretarial tasks should not be billed at a paralegal rate. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10, 109 S. Ct. 2463, 105 L. Ed. 2d. 229 (1989).[7]  Even though the work performed by the attorneys was necessary in this matter, some of the work was secretarial or administrative in nature and recovery for that time is improper.  As noted above, "[i]f the court concludes that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2011).  Furthermore, the "[p]laintiff's success, or lack thereof, is an important consideration and can result in a conclusion that the lodestar amount must be reduced." *Id.* at 808.  The defendants point out and the undersigned notes that there are instances of block billing in the time sheets submitted by the plaintiffs in conjunction with the motion for fees in this matter, and there are times when more than one attorney performs the same task resulting in duplicate billing.  The undersigned recognizes that sometimes, meetings between attorneys in the same office may be necessary to bring "junior" and "senior" attorneys onto the "same page", and that more than one attorney may bill for something if each attorney is performing a distinct task related to the item at issue.

When the fees requested are voluminous, this Court is not required to engage in

---

[7]Logic would dictate that if a paralegal should not bill for a clerical task, an attorney should also not bill for a clerical task.

an hour-by-hour analysis. *Loranger*, 10 F.3d at 783; *Trujillo v. Banco Central del Ecuador*, 229 F. Supp. 1369, 1375 (S.D. Fla. 2002); cf. *Norman*, 836 F.2d at 1301. "[I]t is sufficient for the court to provide a concise but clear explanation of its reasons for the reduction." *Loranger*, 10 F.3d at 783. The rule in *Loranger* differs from the rule articulated in *Norman*. *See Trujillo*, 229 F. Supp. at 1375. "The earlier decision in Norman requires the district court to specifically identify any disallowed, non-compensable hours, and to further explain why the hours are being disallowed." *Id.* (citing *Norman*, 836 F. 2d at 1304).

Reductions in the amount of requested fees are warranted for the billing by the plaintiffs for tasks that were performed by more than one attorney, for tasks that were clerical in nature, and for the instances of block billing.

Moreover, the Eleventh Circuit, in the case of *Martinez v. Hernando County Sheriff's Office*, 579 F.Appx. 710, 715 (11th Cir. 2014) found that a percentage reduction of fees by the District Court was appropriate. The *Martinez* Court opined,

> A lodestar figure "is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1150 (11th Cir. 1993); *see Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552, 130 S.Ct. 1662, 1673, 176 L.Ed.2d 494 (2010). Nonetheless, the district court may adjust the lodestar for "results obtained." *Hensley*, 461 U.S. at 434, 103 S.Ct. At 1940. Relevant here, when "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Id*. at 436, 103 S.Ct. At 1941. Accordingly, the district court has discretion to reduce an award to account for situations where the lodestar figure is unreasonable in light of the limited success obtained. *See Id.* at 436-37, 103 S.Ct. at

> 1941.
> The district court did not abuse its discretion in reducing the lodestar figure by 75% and awarding $10,900.50 in attorney's fees. Martinez was only partially successful in his claims, so the court was permitted to adjust the lodestar downward. *See Id*. at 434-37, 103 S.Ct. at 1941.
> The district court's reduction of the lodestar amount was reasonably proportionate to Martinez's success in the lawsuit.

*Martinez*, 579 Fed.Appx. 710, 715.

In this case, the defendants note that the plaintiff Perez initially claimed overtime wages in the amount of $20,189.52 plus liquidated damages, for a total of $40,379.04. The defendants also note that the plaintiff Cini demanded $2,000.00. Ms. Cini's damage claim was later reduced by $68.00. The final judgment for overtime claims in this matter was entered in the total amount of $21,569.52, including liquidated damages, for both plaintiffs - less than the amounts initially requested. In this case, like in the *Martinez* case, the plaintiffs were only partially successful on their claims and reductions in the amount of the requested fees are warranted. The undersigned finds that a percentage reduction is appropriate for the plaintiffs' partial success on their claims.

In summary, the undersigned finds, after a careful review of the time sheets submitted, that there are some inappropriate time entries, and a percentage reduction is permitted because the plaintiff was only partially successful. Here, the undersigned finds that a 30% reduction should be applied to the plaintiff's requested fee award.

Including the request by the plaintiffs for "fees on fees", the total amount of fees requested in this matter by the plaintiffs is $164,082.00. 70% of $164,082.00 is

$114,857.40.  The plaintiff should be awarded $114,857.40 in attorneys fees.

In accordance with the foregoing, the undersigned finds that the plaintiffs are entitled to a total fee award of **$114,857.40**.

In accordance with the forgoing Order, it is

ORDERED AND ADJUDGED that the Plaintiffs' Verified Motion for Attorney Fees Pursuant to 29 USC 216(B) and Local Rule 7.3 (DE # 151, 3/8/16) is **GRANTED in part and DENIED in part** and the Plaintiffs' Motion To Tax Costs (DE # 150, 3/8/16) is **GRANTED in part and DENIED in part**.  It is further

ORDERED AND ADJUDGED that the plaintiff is awarded **$2,818.30**  in costs and **$114,857.40** in fees for a total cost and fee award of **$117,675.70**.

The Court will enter a judgment in favor the plaintiffs as to the attorney's fees and costs in the total amount of  **$117,675.70**.

DONE AND ORDERED, in Chambers, at Miami, Florida this 16th day of June, 2016.

JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record