UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 15-20615-CIV-O'SULLIVAN
CONSENT

YENISEY PEREZ and CINTIA CINI,

     Plaintiffs,

v.

ANASTASIA M. GARCIA, P.A.
and ANASTASIA M. GARCIA,

     Defendants.

_____/

## ORDER

THIS MATTER is before the Court on the Defendants' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE # 215, 1/12/17).  The parties jointly consented to Magistrate Judge jurisdiction on all matters pursuant to 28 U.S.C. §636(c). (DE# 82, 9/8/15). This matter was reassigned to the undersigned by Judge Moreno, United States District Court for the Southern District of Florida, on September 21, 2015, pursuant to 28 U.S.C. §636(c). (DE # 83, 9/21/15).

On January 12, 2017, the defendants filed the Defendants' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE # 215, 1/12/17).  On January 18, 2017, the plaintiffs filed the Plaintiffs' Response in Opposition to Defendants' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE # 216, 1/18/17).  On October 3, 2017, the defendants filed the Reply to Plaintiffs Response in Opposition to Defendants' Motion for Entry of Cots of Litigation Pursuant to 28 U.S.C. § 1920 (DE # 234, 10/3/17).  Having carefully considered the filings and law, the undersigned issues

the following Order **GRANTING** the Defendants' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE # 215, 1/12/17).

<u>**BACKGROUND**</u>

On February 23, 2015, Yenisey Perez and Cintia Cini (collectively, "plaintiffs") filed their First Amended Complaint against Anastasia M. Garcia P.A. and Anastasia M. Garcia (collectively "defendants"). *See* First Amended Complaint under 29 U.S.C. 201-216 Overtime Wage Violations and Retaliation under 29 U.S.C. 215(A)(3) (DE# 9, 2/23/15) (hereinafter "First Amended Complaint"). The First Amended Complaint alleged two causes of action against the defendants: federal overtime wage violation (Count I) and retaliation (Count II).[1]   On July 26, 2016, the defendants filed a Motion for Summary Judgment (DE # 179, 7/26/16) regarding the retaliation claim.  On December 30, 2016, Final Judgment (DE # 214, 12/30/16) was entered in favor of the defendants with respect to the retaliation claim.  Accordingly, the defendants prevailed in this matter with respect to the retaliation claim.

The defendants request reimbursement in the amount of $2,316.99[2] for costs associated with the fees for printed or electronically recorded transcripts necessarily obtained for use in the case.

<u>**ANALYSIS**</u>

The defendants seek costs pursuant to  28 U.S.C. § 1920 and 29 U.S.C. §

---

[1] On April 20, 2015, the Court entered an Order bifurcating the plaintiffs' overtime claims from their retaliation claims. <u>See</u> Order (DE# 26, 4/20/15).

[2] In the Bill of Costs attached to the Motion, the defendants request $2,432.71. However, in the Reply, the defendants agree to reduce the requested amount of costs to $2316.99, excluding unnecessary items, such as tabs and color exhibits.

216(b).

## A.     Prevailing Party

Title 29, United States Code, Section 216(b) directs the Court to award costs to the prevailing party in an action brought under the Fair Labor Standards Act.  Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that costs other than attorneys' fees shall be allowed to the prevailing party unless the court otherwise directs. FED.R.CIV.PRO. 54(d)(1). A "prevailing party," for purposes of the rule, is a party in whose favor judgment is rendered. *See Util. Automation 2000, Inc. v. Choctawhatchee Elec. Co-op., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002).  Accordingly, "[a]n enforceable judgment establishes a plaintiff as a prevailing party because the plaintiff has received at least some relief based upon the merits of a claim." *Id*.

The parties dispute who the prevailing party is in the instant case. The plaintiffs assert that the defendants are not the prevailing party and not entitled to costs.  The plaintiffs further argue that the plaintiffs are the prevailing party because their overtime claims and retaliation claims were intertwined. The plaintiffs note that the Court bifurcated this matter and that the plaintiff's FLSA claims were litigated first, the jury found in favor of the plaintiffs on the issue of willfulness, liquidated damages were imposed by the Court, and final judgment was entered against the defendants jointly and severally.  Thereafter, the retaliation claims were litigated, cross motions for summary judgment were filed regarding same and the Court found in favor of the defendants on the retaliation claims. The plaintiffs maintain that the defendants are not the prevailing party in this matter because the plaintiffs prevailed on their overtime

3

claims and their retaliation claims were intertwined with the overtime claims.

The plaintiffs support their argument with the case of Cent. *Motor Co. v. Shaw*, 3 So.3d 367 (Fla. 3d DCA 2009). However, in *Shaw*, the defendants were seeking attorneys fees pursuant to the Florida offer of judgment statute, and in this case, there was no offer of judgment, and the defendants are not seeking recovery under that statute.

The plaintiffs also cite to *Caballero v. Sum Yum Gai, Inc.*, No. 08-23018-CIV, 2011 WL 1675001 (S.D. Fla. May 3, 2011) in support of their position.  The plaintiffs note that the Court in *Caballero* stated "that the plaintiffs' minimum wage claims [were] intertwined with the plaintiffs' overtime claims and that the plaintiffs should be awarded the full fees incurred for the minimum wage claims. *Id*. at *4.

The instant case is distinguishable from *Caballero*. Here, the plaintiffs' overtime and retaliation claims were sufficiently distinct that they were bifurcated and the Court would have held two separate trials, had the defendants not prevailed on the plaintiffs' retaliation claims at the summary judgment stage. See Order Bifurcating Trial (DE# 26, 4/20/17) (stating that "[t]he Parties will first litigate the Plaintiffs' claims under the Fair Labor Standards Act (FLSA), and the Parties will proceed to trial on the FLSA claims in accordance with the Court's Scheduling Order (D.E. 15). After the FLSA trial, the Parties will litigate the Plaintiffs' retaliation claims."). Additionally, litigation on the retaliation claim was stayed while the parties litigated the overtime claims. See Plaintiffs' Motion to Lift Stay as to Retaliation Claims, to Re-open Discovery and to Permit the Filing of Dispositive Motions (DE# 86 at 1, 9/24/15) (noting that "Plaintiffs

also have . . . retaliation claims, but such have been stayed by the Court."). Thus, the procedural posture of the instant case is distinguishable from *Caballero.* The procedural history of the instant case does not support the plaintiffs' argument that their overtime and retaliation claims were intertwined.

In sum, the defendants prevailed, attaining a final judgment on the plaintiffs' retaliation claims, and are entitled to recover reasonable costs.

**B.    Taxable Costs**

Title 28, United States Code, Section § 1920 sets out the specific costs that may be recovered:

A judge or clerk of any Court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920.  In the exercise of sound discretion, trial courts are accorded great latitude ascertaining taxable costs. However, in exercising its discretion to tax costs, absent explicit statutory authorization, federal courts are limited to those costs

specifically enumerated in 28 U.S.C. § 1920.  *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000).

Here, the defendants may only recover those costs they are entitled to recover under 28 U.S.C. §1920.  The defendants seek to recover a total of $2,316.99 in costs associated with fees for printed or electronically recorded transcripts necessarily obtained for use in the case. These costs are permitted under 28 U.S.C. §1920(2) if the printed or electronically recorded transcripts were *necessarily* obtained for use in the case. *Nat'l Bancard Corp., etc. v. Visa U.S.A., Inc.*, 112 F.R.D. 62, 64 (S.D.Fla. 1986).

The undersigned finds that the deposition transcripts for which the defendants request reimbursement were necessary for use in the case and that the defendants are entitled to recover $2,316.99 for these costs.

In the response to the motion for costs, the plaintiffs request that if the Court awards costs to the defendants, that the costs be taxed on a pro rata basis, not jointly and severally.  In support of this request, the plaintiffs assert that each of the claims brought by the plaintiffs were for separate damages under 29 U.S.C. §216(b).  The plaintiffs cite to *Pellon v. BRI*, 06-22738 (S.D. Fla. 2/14/18), in which the Court equally apportioned the costs. However, "[j]oint and several liability for costs is the general rule unless equity otherwise dictates."  *Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002) (citing *In re Paoli*, 221 F.3d 449, 469 (3rd Cir. 2000).  The undersigned does not find any reason to depart from the norm with respect to the manner in which the costs are taxed in this case.

In accordance with the forgoing Order, it is

ORDERED AND ADJUDGED that the Defendants' Motion for Entry of Costs of Litigation Pursuant to 28 U.S.C. § 1920 (DE # 215, 1/12/17) is **GRANTED.**  It is further

ORDERED AND ADJUDGED that the defendant is awarded **$2,316.99**  in costs.

The Court will enter a judgment in favor the defendants as to costs in the total amount of **$2,316.99**.

DONE AND ORDERED, in Chambers, at Miami, Florida this **2nd** day of January, 2018.

_____
JOHN  J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided to:
All counsel of record